IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM V. WHITING,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:14-cv-25223

CHRISTOPHER S. BUTCH,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Unopposed Motion to File Exhibits Under Seal [ECF No. 27]. The defendant seeks to seal certain exhibits accompanying his Motion for Summary Judgement [ECF No. 25]. The Unopposed Motion to File Exhibits Under Seal is **DENIED**.

**I.    Standard**

According to the Local Rules of Civil Procedure, a motion to seal must be accompanied by a memorandum of law that contains:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

S.D. W. Va. L.R. Civ. P. 26.4(b)(2).

The common law and the First Amendment protect the public right of access. Under the common law, "there is a presumption of access accorded to judicial records." *Rushford v. New*

*Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to overcome this presumption and to have documents sealed "bears the burden of showing some significant interest that outweighs the presumption" and the public interest in access. *Id.* Under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* This heightened First Amendment standard applies "to documents filed in connection with a summary judgment motion in a civil case." *Id.*

## II.     Discussion

Notwithstanding the obvious procedural deficiencies of the defendant's motion in failing to comply with Local Rule 26.4, the court denies the Motion on its substantive merits.[1] The defendant contends that the documents contain information unavailable to the public, as well as "'personal data identifiers' including social security [sic] numbers, dates of birth, names of minor children, and financial account information." Mot. Seal ¶ 3. The only reason asserted for wanting to seal the documents is that redacting the allegedly sensitive information would be "unnecessarily burdensome and time-consuming." *Id.* This is unpersuasive. The exhibits total forty-four pages—the overwhelming majority of which appear to contain no information that must be redacted in accordance with Local Rule 5.2.1; *accord* Fed. R. Civ. P. 5.2 (requiring partial redaction of "an individual's social-security [sic] number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number"); S.D. W. Va. Admin. P. Electronic Case Filing 20.1. Most importantly, the court has been given no reason to believe the alleged burden of redaction outweighs the public interest in access.

---

[1] The defendant did not submit a memorandum of law, nor does the motion itself contain all of the information required by Rule 26.4. This alone is enough to warrant denial of the motion.

Accordingly, the defendant's Motion is **DENIED**, and the Clerk is **DIRECTED** to strike the documents attached to the Motion to File Exhibits Under Seal [ECF No. 27] from the record. The court **ORDERS** the defendant to redact any personal and sensitive information in accordance with Rule 5.2.1 of the Local Rules of Civil Procedure and Rule 20.1 of the Administrative Procedures for Electronic Case Filing, and to file the redacted exhibits with the court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     January 11, 2016

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE