**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WILLIAM V. WHITING,

               Plaintiff,

v.                                    CIVIL ACTION NO.  2:14-cv-25223

CHRISTOPHER S. BUTCH,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion to Exclude Plaintiff's Expert Witness [ECF No. 19]. For the reasons stated herein, the court **GRANTS** the Motion.

**I.      Background**

This case involves legal malpractice and contracts claims against the plaintiff's former attorney. In the instant motion, the defendant has asked the court to the exclude testimony of the plaintiff's designated expert James W. Douglas, as well as any other expert testimony, because the testimony was not properly disclosed in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and the court's Scheduling Order [ECF. No. 11]. A timeline of events relating to discovery and the disclosure of expert testimony is instructive:

| | |
|---|---|
| August 28, 2014 | Complaint filed. |
| March 11, 2015 | Scheduling Order entered. |
| October 9, 2015 | Plaintiff disclosed name and address of expert witness, James W. Douglas. Mot. Exclude Ex. 1 [ECF No. 19-1]. |

| October 13, 2015 | Deadline for expert disclosures by party with burden of proof. Scheduling Order. |
| November 16, 2015 | Defendant's counsel sends letter to plaintiff's counsel stating the plaintiff's October 9 disclosures are insufficient according to the Federal Rules of Civil Procedure. Mot. Exclude Ex. 3[ECF No. 19-3]. |
| November 18, 2015 | Plaintiff's expert tells plaintiff's counsel he no longer wishes to be retained as expert. Resp. Mot. Exclude 1 [ECF No. 24] ("Resp."). |
| November 24, 2015 | Defendant files Motion to Exclude Plaintiff's Expert Witness. |
| December 11, 2015 | Deadline for depositions and close of discovery. Scheduling Order. |
| December 30, 2015 | Plaintiff's expert provides plaintiff's counsel with an expert report, which counsel deems unsatisfactory. Resp. 2. |
| December 31, 2015 | Deadline for filing dispositive motions. Defendant files Motion for Summary Judgment [ECF No. 25]. |

The plaintiff indicates his search for an expert witness attorney to support the malpractice claim did not commence until June 2015, and continued—despite the designation of Mr. Douglas as an expert witness on October 9 and past the October 13 deadline to disclose expert testimony—until approximately November 18, 2015. Resp. 1. During this window, counsel spoke with "no fewer than" two attorneys. *Id.* Beginning on October 9, five days before the plaintiff's expert disclosure deadline, plaintiff's local counsel "produced various documents to Mr. Douglas, including the docket sheet, and was expecting Mr. Douglas to be in the process of developing his written report." *Id.*

The defendant filed its Motion on November 24, 2015. After failing to file a timely response, the plaintiff filed an Unopposed Motion for Additional Time to File a Response [ECF No. 22], which the court granted. The plaintiff then filed his Response [ECF No. 24] on December

31, in accordance with the court's extension, and the defendant timely filed a Reply [ECF No. 29] on January 7, 2016. The matter is ripe for review.

### II. Legal Standard

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any witness it may use at trial to present expert testimony. Additionally, "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made "at the time and in the sequence that the court orders." *Id.* 26(a)(2)(D).

Rule 37(c)(1) designates the consequences of failing to properly disclose expert testimony in compliance with Rule 26(a)(2):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The Rule 37(c) advisory committee notes emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quoting Fed R. Civ. P. 37(c) advisory committee note (1993)). As the Fourth Circuit has explained, "Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Wilkins v. Montgomery*, 751 F.3d 214,

221 (4th Cir. 2014) (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005)).

The court has broad discretion to determine whether one of the Rule 37(c) exceptions—substantial justification or harmlessness—applies to the nondisclosure. *Id.* at 222. The court should be guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id.* (quoting *S. States*, 318 F.3d at 596–97). The non-disclosing party has the burden of demonstrating the propriety of the asserted exception. *Id.*

### III. Discussion

The plaintiff violated Rule (26)(a)(2) of the Federal Rules of Civil Procedure by failing to properly disclose expert testimony. The court's Scheduling Order designated October 13, 2015, as the deadline for expert disclosures by the party with the burden of proof (i.e., the plaintiff). However, the only expert disclosures the plaintiff had made by the deadline was a single paragraph stating the name and address of Mr. Douglas. Mot. Exclude, Ex 1. This name was not accompanied, as required by Rule (26)(a)(2)(B), by a report providing a statement of the opinions the witness will express, the basis of such opinions, and the witness's qualifications. To date, the plaintiff has not disclosed an expert report or otherwise supplemented his disclosures.

The plaintiff's failure to comply with the expert testimony disclosure requirements of Rule 26(a)(2) calls for exclusion of such evidence unless the court finds the plaintiff's failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Wilkins*, 751 F.3d at 222.

A. *Substantial Justification*

The court begins with the fifth *Southern States* factor—the non-disclosing party's explanation for its failure to disclose the evidence—which relates primarily to the substantial justification exception. 318 F.3d at 597. In attempting to explain his disclosure deficiencies, the plaintiff repeatedly asserts that he acted in good faith and should not be penalized for his expert witness's "surprise withdrawal." *E.g.*, Resp. 2. Good faith is not a factor in determining substantial justification or harmlessness under Rule 37(c)(1). *S. States*, 318 F.3d at 595 ("Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules. . . ."). Moreover, Mr. Douglas's "surprise withdrawal" has no bearing on the Rule 26(a)(2)(B) violation, as the withdrawal appears to have occurred after the October 13, 2015, deadline.[1]

The plaintiff states that he served his expert disclosure on October 9, "on the assumption that Mr. Douglas would be developing a written report, which would be further disclosed to Defendant's counsel." Resp. 2. This does not justify the plaintiff's failure to timely retain an expert, to provide the expert with any necessary materials, and to ensure that the expert's report was ready to be disclosed in accordance with the court's Scheduling Order. The plaintiff may not deflect responsibility to his expert; it was the plaintiff's job to ensure that he complied with the court's Scheduling Order. Even in deflecting responsibility, the plaintiff fails to explain why he waited until five days before the deadline to provide documents Mr. Douglas requested "to review for the preparation of his written opinion." Resp. 6. Moreover, the fact that the plaintiff found Mr.

---

[1] It is unclear precisely to what the plaintiff is referring with "surprise withdrawal." The plaintiff indicates that Mr. Douglas informed counsel on November 18, 2015, that he was "declining to be retained as Plaintiff's expert witness." Resp. 2. Yet Mr. Douglas seemingly continued on as an expert and provided plaintiff's counsel with his written report on December 30, 2015. The plaintiff found the report "unsatisfactory," so "Plaintiff will need additional time to secure an expert witness to disclose." Regardless of whether the "surprise" refers to November 18 or December 30, both dates are well past the date the expert report was due.

Douglas's eventual report unsatisfactory and decided not to serve it upon the defense only reinforces why this exercise should have taken place in advance of the court's deadlines.

The plaintiff further suggests that he struggled to retain an expert prior to and after the deadline for expert disclosures. Resp. 3–4. The plaintiff had over seven months from the date the Scheduling Order was entered to the time his expert disclosures were due on October 13, 2015. Difficulty in securing an expert within this timeframe is not an excuse for abandoning the timeline and is certainly not a substantial justification for failing to disclose the required expert report.

  B.  *Harmlessness*

The court turns now to an analysis of the remaining four factors relevant to harmlessness— surprise, ability to cure, extent of disruption, and the importance of the evidence. *S. States*, 318 F.3d at 597. While acknowledging that the burden is on the plaintiff to demonstrate either substantial justification or harmlessness, the plaintiff has presented no argument that his nondisclosure is harmless. Resp. 3. The defendant asserts that he "has been significantly impeded in his ability to obtain sufficient knowledge of the witness's testimony and to prepare an appropriately informed defense and responsive disclosures." Mem. Supp. Mot. Exclude 6 [ECF No. 20]. The first three factors are related. At this point in the progression of the case—with a Motion for Summary Judgment already filed and trial set for April 19, 2016—the defendants have been given no suggestion of the content of potential expert testimony. Any future disclosures of expert testimony would necessarily come as a surprise to the defendants. In order to cure the surprise of these hypothetical disclosures, the defendants would need to be given time to review the expert report, depose any expert witness, and then secure expert witnesses of their own. This could only be achieved by thoroughly disrupting the Scheduling Order, reopening discovery, and

delaying progress on this case, all while diverting the parties' time and resources away from trial preparation. Indeed, the plaintiff's Response requests an extension of the deadline to disclose expert witnesses because the plaintiff now has no expert and wants additional time to retain one, though there is no motion pending before the court to that effect.[2] Resp. 4. Thus, the first three factors weigh against finding the nondisclosure harmless.

The remaining factor—the importance of the evidence—cuts both ways. The fact that an expert's testimony may have been helpful to one party also points out why it should have been disclosed in a timely manner. *S. States*, 318 F.3d at 598–99. The plaintiff acknowledges that expert testimony by an attorney familiar with the standard of care is integral to his malpractice claim. Resp. 2. The defendants contend that this is precisely why such testimony "should have been developed in a timely manner well before the close of discovery." Reply 4 [ECF No. 29]. The court agrees. The centrality of the expert testimony in this matter makes it all the more important that the defendants are given proper notice so that they may prepare their defense. Together, these factors suggest that the failure to submit an expert report for Mr. Douglas, or to designate and submit reports for any other experts, is not harmless.

### IV. Conclusion

In conclusion, the plaintiff has failed to meet his burden of showing that his nondisclosures were substantially justified or harmless, and the court **FINDS** the *Southern States* factors weigh in

---

[2] The court notes that it has received no Motion from the plaintiff at any time, before or after the close of discovery, requesting additional time for discovery generally or for disclosure of expert testimony specifically. The plaintiff has already requested an extension of time to respond to the defendant's Motion for Summary Judgment, which the court granted. Mot. Enlargement of Time to File Resp. to Mot. Summ. J. [ECF No. 28]; Order, Jan. 13, 2016 [ECF No. 33].The plaintiff has also moved to amend the Scheduling Order to extend the January 26, 2016 deadline for completing a settlement meeting and mediation. [ECF No. 34].

favor of exclusion of expert testimony at trial. Accordingly, the defendant's Motion to Exclude Plaintiff's Expert Witness is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       January 19, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8