**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WILLIAM V. WHITING,

                      Plaintiff,

v.                                      CIVIL ACTION NO.  2:14-cv-25223

CHRISTOPHER S. BUTCH,

                      Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion for Summary Judgment [ECF No. 25].

On February 11, 2016, the court issued a Notice and Opportunity to Respond [ECF No. 43], stating

the court is considering granting summary judgment for the defendant on grounds not raised in the

defendant's Motion. For the reasons described below, the court **GRANTS** summary judgment for

the defendant on the grounds raised by the court—specifically, that the plaintiff has failed to

present sufficient evidence in support of his claim. The defendant's Motion is **DENIED as moot**.

**I.      Background**

The plaintiff filed a Complaint alleging breach of contract and legal malpractice against

his former divorce attorney, Christopher S. Butch, on August 28, 2014. Compl. [ECF No. 1]. The

action stems from the plaintiff's dissatisfaction with the division of marital property in a court-

approved Settlement Agreement, for which the plaintiff blames Mr. Butch. *See, e.g.*, *Id.* at 4–5.

The plaintiff alleges he was entitled to fifty percent of the marital estate but only received twenty-

two percent. *Id.* at 9–10. Plaintiff attached to his Complaint the Final Order of Divorce and the

Property Settlement Agreement incorporated therein, which specifically states that each party "fully understands the facts and all of the terms of this Agreement as expressed and that each party believes the Agreement is fair, just, equitable and reasonable." Final Order of Divorce, *In Re Marriage of Whiting & Whiting*, No. 10-D-261 (Fam. Ct. Kanawha Cty. W. Va. Nov. 13, 2012) [ECF No. 1-1]. It further states:

> To the extent that the marital property is divided in a manner which is not 50/50 each party agrees that in his/her opinion the division is nevertheless both equitable and fair. Each party has been fully informed of the statutory right to a 50/50 division and each offers no objection to the above manner of the division or to the values assigned to the property or assets divided.

*Id.* This Order bears the plaintiff's signature.

Nevertheless, the plaintiff claims he was damaged in the amount of this shortfall because Mr. Butch breached his duty to provide "competent representation and legal services with the reasonable diligence and care in compliance and conformity with the professional standards and skills required of a lawyer representing a client under circumstances similar to those of [the plaintiff]." Compl. 4–5. This language forms the basis of both the legal malpractice and breach of contract claims. *Compare id.* at 6, *with id.* at 9.

The defendant moved for summary judgment on December 31, 2015. The Motion for Summary Judgment argued that (1) the plaintiff's legal malpractice claim should fail because the plaintiff had failed to make a prima facie case, having presented no evidence to support a recovery, and (2) the plaintiff's breach of contract and legal malpractice claims were collaterally estopped by the underlying divorce proceedings. Mot. Summ J. 1–2.

The plaintiff subsequently moved to voluntarily dismiss his legal malpractice count, stating that the malpractice count could not proceed "without expert testimony to be provided by an

attorney familiar with the standard of care for a domestic relations attorney in the Charleston, West Virginia area," yet plaintiff had failed to timely procure and disclose an expert witness. Mot. Leave to Voluntarily Dismiss ¶¶ 10, 13 [ECF No. 35]; *see also* Order, Jan. 20, 2016 [ECF No. 38] (granting the plaintiff's motion to dismiss legal malpractice claim).

After the court granted the plaintiff an extension, the plaintiff timely responded to the Motion for Summary Judgment and the defendant timely replied. Order, Jan. 13, 2016 [ECF No. 33]; Resp. [ECF No. 40]; Reply [ECF No. 42]. In his Reply, the defendant raised for the first time the argument that the plaintiff's breach of contract claim was also factually insufficient. Reply 3. Accordingly, the court issued a Notice and Opportunity to Respond ("Notice"), pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, informing the plaintiff "the court is inclined to find that the plaintiff has failed to make a prima facie showing that he is entitled to recover on his breach of contract action, having provided no evidence regarding any of the elements of breach of contract." Notice 1, Feb. 11, 2016. The plaintiff, after another extension, timely responded and the defendant replied. Resp. to Notice. [ECF No. 46]; Reply to Notice [ECF No. 47]. The matter is now ripe for review.

## II.    Legal Standard

Summary judgement is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). After giving notice and a reasonable time to respond, the court may "grant the motion on grounds not raised by a party" or otherwise grant summary judgment *sua sponte*. Fed. R. Civ. P. 56(f); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex*, 477 U.S. at 322–23. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins.*, 105 F.3d 188, 191 (4th Cir. 1997).

## III.  Discussion

The plaintiff has failed to offer any significantly probative evidence from which a reasonable juror could return a verdict in his favor. The burden is squarely on the plaintiff to support the elements of his claim. Yet, in the year and a half since filing his Complaint, the only evidence the plaintiff has produced—and only in response to the court's Notice—is a five-page affidavit restating the allegations in the Complaint. Aff. [ECF No. 46-1]. Appended to this affidavit is a largely irrelevant transcript of settlement negotiations between the plaintiff and his wife, as well as the Kanawha County Family Court's Final Order of Divorce incorporating a Property

Settlement Agreement, which was previously attached to the Complaint. Sett. Tr. [ECF No. 46-1 at 9], Final Order of Divorce [ECF No. 46-1 at 23].

The court must first determine how to construe the plaintiff's breach of contract claim under West Virginia law. When "deciding whether the allegations of a malpractice action sound in contract or are merely posed in language to make them appear contractual in nature when in fact they arise in tort," *Hall v. Nichols*, 400 S.E.2d 901, 904 (W. Va. 1990), West Virginia law has adopted the following approach:

> Where the act complained of is a breach of specific terms of the contract without any reference to the legal duties imposed by law upon the relationship created thereby, the action is contractual. Where the essential claim of the action is a breach of duty imposed by law upon the relationship of attorney/client and not of the contract itself, the action is in tort.

*Id.* (quoting *Pancake House, Inc. v. Redmond*, 716 P.2d 575, 578 (Kan. 1986)).

To make this determination, the court turns to the plaintiff's articulation of his breach of contract claim:

> Pursuant to the Agreement for Legal Services, and as a lawyer who claim [sic] to be experts [sic] in domestic relations law with over 25 years of experience, Butch owed a duty to provide [the plaintiff] competent representation and legal services with the reasonable diligence and care in compliance and conformity with the professional standards and skills required of a lawyer representing experience in domestic relations law to collect the maximum value of the Marital Estate due and owing to [the plaintiff] . . . .

Compl. 10. The plaintiff states that Mr. Butch breached his duties owed to the plaintiff under their "Agreement for Legal Services" by:

> (a) failing to properly evaluate and review the proposed Settlement Agreement drafted by [plaintiff's wife's] counsel to make sure that the value of the Marital Estate passing to Willie was not less than 50% of the value of the net Marital Estate as of the date of entry of the Judgment;
>
> (b) failing to file a motion seeking to modify the Judgment after entry;

(c) failing to adequately investigate and discover and obtain current appraisals for the marital Property.

*Id.* The plaintiff later focuses on his expectation of receiving fifty percent of the marital property in his Response to this court's Notice. Resp. to Notice 3 ("[Mr. Butch] breached his obligations under the contract for legal services by not making sure that the marital property was distributed on a 50/50 basis or that the settlement agreement contained an equalization clause.").

The plaintiff has not provided evidence that the alleged breach pertains specifically to a contractual term. In his affidavit, the plaintiff states that he "hired Defendant Christopher S. Butch . . . to provide legal representation and advice in connection with [plaintiff's] divorce proceedings." Aff. ¶ 2. The plaintiff avers that "[Mr. Butch] agreed to provide comprehensive recommendations and legal advice in connection with his divorce and in defense of the dissolution proceedings, including but not limited to obtain [sic] a division of the marital property that was not less than a 50/50 split of the marital property." Aff. ¶ 4. Nowhere does the plaintiff assert that the there was a contractual obligation that Mr. Butch deliver a 50/50 split of the marital property. The plaintiff states the defendant agreed to provide "legal representation and advice," not a guarantee of a specific outcome. Aff. ¶4.[1]

The plaintiff is essentially alleging that his attorney's conduct fell below the standard of care in rendering legal advice and recommendations. *See Hall*, 400 S.E.2d at 904

---

[1] Even the most generous reading of this sentence—understanding the plaintiff to aver that his attorney specifically contracted to deliver a particular legal *outcome*, as opposed to the plain reading that he contracted to provide legal *advice*—does not cure the lack of evidence supporting such a claim. This single statement in the plaintiff's self-serving affidavit would be the only evidence of a valid and enforceable contract on a 50/50 settlement outcome—this is plainly insufficient. *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) (finding a "self-serving affidavit" describing the content of a contract in question insufficient to defeat a motion for summary judgment) (citing *Anderson*, 477 U.S. at 249); *see also Thompson Everett, Inc. v. Nat'l Cable Advert., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) ("[I]f the evidence is 'merely colorable' or 'not significantly probative,' it may not be adequate to oppose entry of summary judgment." (quoting *Anderson*, 477 U.S. at 249–50)).

("Notwithstanding the inclusion of the term 'contractual' in the amended complaint, the essence of the appellants' cause of action is various breaches of duties implied by *law* and not by contract."). The obligations asserted by the plaintiff derive from the attorney-client relationship, and not from a specific term in a contract. As such, the plaintiff's claim sounds in tort under West Virginia law. *See Hall*, 400 S.E.2d at 904 ("Only when the breach pertains specifically to the 'terms of the contract without any reference to the legal duties imposed by law upon the [attorney/client] relationship []' is the cause of action contractual in nature." (first alteration in original)); *accord Conley v. Ryan*, 92 F. Supp. 3d 502, 513 (S.D. W. Va. 2015).

The plaintiff's "contract" claim is indistinguishable from the legal malpractice claim that the court has already dismissed, and it suffers from the same evidentiary deficiencies. The plaintiff has presented no evidence of the "professional standards and skills required of a lawyer representing experience in domestic relations law," of which the defendant has allegedly fallen short. Compl. 9; *cf.* Aff. The deficiency is further underscored by the plaintiff's failure to provide expert testimony on the standard of care, which the plaintiff has acknowledged was essential to his legal malpractice claim. Mot. Leave to Voluntarily Dismiss ¶¶ 2, 10.

Because the plaintiff has failed to offer sufficient evidence from which a reasonable juror could return a verdict in his favor, the defendant is entitled to judgment as a matter of law.

## IV.    Conclusion

After notice and an opportunity to respond, the plaintiff has failed to produce sufficient evidence to allow a recovery in his favor. Accordingly, the court hereby **GRANTS summary judgment for the defendant**. The defendant's Motion for Summary Judgment [ECF No. 25] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          March 10, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE